## MACK *et al.* *v.* AMERICAN SECURITY COMPANY.

No. 10598.   MAY 18, 1935.

*Lowndes Calhoun,* for plaintiffs.

*George F. Fielding,* for defendant.

Beck, Presiding Justice. Mack and others brought suit in the superior court against the American Security Company. It was alleged that the plaintiffs borrowed from the defendant $165, and to secure the payment of this sum the defendant took a note, charging interest at the rate of 3-1/2 per cent. per month; that the loan was to be repaid in equal installments; that the plaintiffs were married; that the wife signed the note as surety for her husband; that she also executed a bill of sale on her furniture to secure the note; that the note and bill of sale were void, because of the fact that the wife could not become obligated as a surety; that the bill of sale was a cloud on her title to the property; that an agent of the defendant company came out and demanded the property; and that the defendant filed a suit in the municipal court of Atlanta against the plaintiffs on the note; that Lizzie Mack, the wife, had a good defense to the suit, because she was surety for her husband; that the judge of the municipal court struck her answer and rendered judgment by default on the note; that Herman Mack had filed a petition in bankruptcy and had been adjudicated a bankrupt; and that the judgment in question was dischargeable in bankruptcy. The prayers of the petition were for cancellation of the bill of sale and the judgment; that a stay be granted for twelve months pending the bankruptcy proceeding; and that the defendant be enjoined from taking possession of the furniture. The petition was dismissed on demurrer.

There was no such intervening equity shown by the petition or other proper defense of which the plaintiffs, without fault on their part, could not avail themselves at law, under the Code of 1933, § 55-103. The plaintiffs were husband and wife. As to the debt, the husband could plead his discharge in bankruptcy; and as to the wife, a judgment had already been secured on the debt in the municipal court of Atlanta, and no reason is shown why this judgment is not enforceable. The allegations of the petition do not show that the judgment was obtained by fraud on the part of the plaintiff in judgment, or that petitioner's defense to the note could not have been urged before judgment. The judgment was conclusive upon her. *Judgment affirmed. All the Justices concur.*